Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiff Margarita Lopez*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Margarita Lopez, <br><br> Plaintiff, <br><br> vs. <br><br> JJJRT Inc., an Arizona corporation, Raymond Tang, and Joana Tang, <br><br> Defendants. | Case No. _____ <br><br><br> **COMPLAINT** |

**COMES NOW** Plaintiff Margarita Lopez in support of her Complaint against Defendants JJJRT Inc., an Arizona corporation doing business as Autumn Court Chinese Restaurant, Raymond Tang, and Joana Tang ("Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action to recover unpaid compensation and other appropriate relief from Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Arizona Wage Act ("AWA"), A.R.S. §23-350, *et seq.*, and the Arizona Minimum Wage Act ("AMWA"), A.R.S. §23-362, *et seq*. Plaintiff contends that Defendants failed to compensate Plaintiff at the state or federal minimum wage for all hours of work and failed to compensate Plaintiff one-

and-a-half times the applicable minimum wage for certain time periods in which she worked more than forty hours in a workweek, thereby depriving Plaintiff of compensation to which she was entitled. Plaintiff further contends she was discharged shortly after she demanded proper wages and filed a complaint with the U.S. Department of Labor. Plaintiff seeks declaratory relief, backpay for nonpayment and underpayment of wages and overtime, liquidated damages, compensatory and punitive damages, attorney's fees and costs, and other relief available under the FLSA, AWA, AMWA, and any other applicable law.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's federal law claims is conferred on this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. Jurisdiction over Plaintiff's state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in Maricopa County, Arizona.

## PARTIES

5. Defendant JJJRT Inc. is an Arizona corporation doing business as Autumn Court Chinese Restaurant, which is a restaurant located at 3752 E. Indian School Road, Phoenix, AZ, 85018.

6. Defendant Raymond Tang is a resident of Maricopa, Arizona, and was an owner and officer of Defendant JJJRT Inc. at all times relevant to this action.

7. Defendant Joana Tang is a resident of Maricopa, Arizona, and was an owner and officer of Defendant JJJRT Inc. at all times relevant to this action.

8. Upon information and belief, Defendants Raymond Tang and Joana Tang have at all times relevant to this action been husband and wife.

9. Defendants were Plaintiff's employers at all time relevant to this

action.

**FACTUAL BACKGROUND**

10. Plaintiff began her employment with Defendants around 2008 and performed general kitchen labor throughout her employment, including but not limited to, food preparation, cooking, and cleaning.

11. Throughout her employment with Defendants Plaintiff worked 60-65 hours per week.

12. For the last two to three years of Plaintiff's employment with Defendants she received $600 in cash every two weeks.

13. Sometime around January 2015 Plaintiff began complaining to her immediate supervisor, "Raymond," regarding the Defendants' failure to pay her for all her hours of work.

14. Sometime around February 2015 Plaintiff filed a complaint with the U.S. Department of Labor ("DOL").

15. Upon information and belief, Defendants knew that Plaintiff was not receiving minimum wage rate for all her hours of work.

16. Upon information and belief, Defendants knew that Plaintiff was working more than 40 hours per week and that she was not receiving the corresponding overtime rate for her overtime hours.

17. Prior to and during the applicable statutory period Defendants implemented policies and practices that Defendants knew or should have known would prohibit and/or discourage employees from accurately reporting their work time.

18. Prior to and during the applicable statutory period Defendants knowingly and intentionally failed to take any action to prohibit or monitor the accrual of unpaid wages and overtime.

///

///

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933

## FIRST CAUSE OF ACTION
## (FLSA-Unpaid Overtime)

19. Plaintiff incorporates by reference Paragraphs 1 through 18 of this Complaint as if specifically set forth herein.

20. By failing to pay Plaintiff one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per work week, Defendants violated her rights under the FLSA, including but not limited to 29 U.S.C. §207.

21. Defendants' failure to pay Plaintiff one-and-a-half times her regular hourly rate for all hours worked in excess of 40 hours per work week was knowing, willful, and in reckless disregard of her rights under the FLSA.

## SECOND CAUSE OF ACTION
## (FLSA-Minimum Wages)

22. Plaintiff incorporates by reference Paragraphs 1 through 21 of this Complaint as if specifically set forth herein.

23. By failing to pay Plaintiff at all for certain hours of work at the applicable federal minimum wage, Defendants violated her rights under the FLSA, including but not limited to, 29 U.S.C. §206.

24. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of her rights under the FLSA.

## THIRD CAUSE OF ACTION
## (FLSA-Retaliation)

25. Plaintiff incorporates by reference Paragraphs 1 through 24 of this Complaint as if specifically set forth herein.

26. By terminating Plaintiff's employment because she complained about unpaid wages and overtime, Defendants retaliated against Plaintiff in violation of her rights under the FLSA, 29 U.S.C. §215(a)(3).

27. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933

- 4 -

Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (AMWA-Minimum Wages)

28. Plaintiff incorporates by reference Paragraphs 1 through 27 of this Complaint as if specifically set forth herein.

29. By failing to pay Plaintiff at all for certain hours of work at the applicable minimum wage under Arizona law, Defendants violated her rights under the AMWA, including but not limited to, A.R.S. §23-363.

30. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of her rights under the AMWA.

## FIFTH CAUSE OF ACTION
### (AMWA-Retaliation)

31. Plaintiff incorporates by reference Paragraphs 1 through 30 of this Complaint as if specifically set forth herein.

32. By terminating Plaintiff's employment because she complained about unpaid wages and overtime, Defendants retaliated against Plaintiff in violation of her rights under the AMWA, A.R.S. §23-364.

33. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (AWA-Wages)

34. Plaintiff incorporates by reference Paragraphs 1 through 33 of this Complaint as if specifically set forth herein.

35. By failing to pay Plaintiff all her wages and overtime, Defendants violated her rights under the AWA, including but not limited to, A.R.S. §23-355.

36. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of her rights under the AWA.

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

- A. Declare that Defendants violated the FLSA, AWA, and/or AMWA by failing to pay Plaintiff for all hours of work;
- B. Declare that Defendants violated the FLSA by failing to pay Plaintiff one-and-a-half times her regularly hourly rate for all hours worked in excess of 40 hours per work week;
- C. Award Plaintiff payment for all unpaid wages and overtime;
- D. Award Plaintiff liquidated damages in an amount equal to her unpaid wages and overtime;
- F. Order Defendants to pay reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b), A.R.S. § 12-341.01 and/or A.R.S. §23-364;
- G. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;
- H. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and
- I. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

**JURY DEMAND**

Plaintiff requests a jury trial.

///
///
///
///

Respectfully submitted this 21st day of March 2016.

          Hernandez Law Firm, PLC

          By: /s/ Isaac P. Hernandez
             Isaac P. Hernandez
             Attorney for Plaintiff

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933